Hart, J.
 

 The sole question in these cases is whether a judgment, in the original action in the Municipal Court of Akron was sufficiently entered, journalized and recorded to meet the requirements of the law with reference to the rendition of judgments.
 

 The appellees insist that since by Section 1579-497, General Code, the Municipal Court of Akron is made a court of record, the judgments of that court must be entered exclusively in the manner required by the Code of Civil Procedure and especially by Section 11604, General Code, which provides:
 

 “All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action. . The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction by the court.”
 

 Together with the claim that all judgments of a
 
 *448
 
 court of record must be rendered in accordance with the provisions of Section 11604, General Code, above quoted, appellees call attention to the xiumerous holdings of this court to the effect that a court of record renders a judgment only when a journal entry is prepared, approved by the court and filed with the clerk for journalization.
 
 Industrial Commission
 
 v.
 
 Musselli,
 
 102 Ohio St., 10, 130 N. E., 32;
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Day, Judge,
 
 136 Ohio St., 477, 26 N. E. (2d), 1014;
 
 In re Estate of Lowry,
 
 140 Ohio St., 223, 42 N. E. (2d), 987;
 
 Krasny
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 143 Ohio St., 284, 54 N. E. (2d), 952.
 

 This court still adheres to the rule established by those cases. However, the same act which makes the Municipal Court of Akron a court of record, also provides that the judges of that court shall designate the method of keeping the records and shall adopt rules relating to matters of practice and procedure in such court. The act further provides that all laws conferring power and jurisdiction upon the Courts of Common Pleas or justices of the peace to hear and determine certain causes and proceedings, prescribing the force and effect of their judgments or orders, and authorizing or directing the execution of the * enforce-' ment thereof, shall be held to extend to the Municipal Court of Akron. However, the act carefully provides-an exception to the effect that such laws shall not apply when inconsistent with the jurisdiction conferred upon the court by this act or are clearly inapplicable. See Section 1579-512, General Code.
 

 The provisions of the act creáting the Municipal Court of Akron have special and specific application to the problem before this court, and such act having been adopted since the date of the adoption of the Code of Civil Procedure, must be considered as controlling insofar as there is any conflict between them.
 

 
 *449
 
 Section 1579-505, General Code, which is a part of the Akron Municipal Court Act, among other things, provides that:
 

 “The judges may sit separately or otherwise; shall meet at least once in each month and at such other times as the presiding judge may determine, for. consideration of the business of the court; shall prescribe forms;
 
 establish a system for docketing causes, motions and demurrers; and designate the method of keeping the records of the court.”
 
 (Italics ours.)
 

 This court is of the opinion that under the authority given the Municipal Court of Akron by the act creating it and the rules adopted by it as authorized thereunder, the judgment of the court in the original case was sufficiently memorialized and entered, and constituted a valid judgment.
 

 Section 2878, General Code, provides that the clerk of the Common Pleas Court shall keep (1) an appearance docket; (2) a trial docket; (3) a journal; (4) a record; and (5) an execution docket. There is no express inhibition against a combination of two or more of these records in a single record volume so far as physical records are concerned. There is nothing sacred in the names “entry,” “journal” or “record.” There is nothing to prevent the Municipal Court of Akron from providing that a single record volume may serve as an appearance docket, a journal and a record, all combined. This has been done under the authority of the Akron Municipal Court Act. Such combined record may, and evidently does, serve as a great convenience without prejudice to the litigants or the public. The character and import of the written entry and the record made of it must determine whether it meets the requirements of a journal entry, of journalization, or record of a judgment. Its location in the records is of little moment.
 

 
 *450
 
 Furthermore, in the opinion of the majority of this court, the entry made on the half-sheet in the original case, under the rules of the Municipal Court of Akron, constitutes a proper judgment entry. A judgment is rendered when a written entry declaring the specific and final action of the court in favor of one litigant and against another is approved by the court and filed with the clerk for journalization. See
 
 In re Estate of Lowry, supra.
 

 In the original case the entry was not only filed with the clerk, but, in compliance with the court rule, was recorded by him, thus serving every purpose of journalization and record. In fact, the mechanics followed by the court and clerk constituted a substantial compliance with the provisions of S'ection 11604, General Code.
 

 At any rate, the judgment entry on the half-sheet, filed in the original case in the Municipal Court of Akron, was sufficient as between the parties. The journalization and record of the judgment entry are necessary only to affect third parties. In the case of
 
 Amazon Rubber Co.
 
 v.
 
 Morewood Realty Holding Co.,
 
 109 Ohio St., 291, 294, 142 N. E., 363, Judge Jones, speaking for the court, said:
 

 “A judgment is defined to be the judicial act of the court; its entry on the journal merely evidences the judgment and is wholly the ministerial act of the clerk.
 
 *■*
 
 * When a judgment is pronounced, reduced to an entry, and approved by the trial judge, it at once becomes effective between the parties whose rights have been finally concluded thereby. However, a stranger to the record, such as a
 
 bona fide
 
 purchaser without notice, is not bound by an approved and filed entry until the same is actually spread upon the journal.” See 30 American Jurisprudence, 856, Section 71;
 
 Newnam’s Lessee
 
 v.
 
 City of Cincinnati,
 
 18 Ohio, 323, 330, 331;
 
 *451
 

 D’Andrea
 
 v.
 
 Rende,
 
 123 Conn., 377, 195 A., 741;
 
 Luikart, Recr.,
 
 v.
 
 Bredthauer,
 
 132 Neb., 62, 271 N. W., 165;
 
 Blickle
 
 v.
 
 Higbee, Probate Judge,
 
 211 Mich., 216, 178 N. W., 680.
 

 Appellees also claim that the certificate of judgment under consideration is void because it does not bear the number of the volume and page of the journal entry as required by Section 11656, General Code. The provision of that section of the code as to page and volume of the journal entry is for the convenience of the public. Such provision is directory rather than mandatory, and compliance with it is not vital to the validity of the certificate.
 

 . The judgments of the Court of Appeals are reversed and those of the Common Pleas Court affirmed.
 

 Judgments reversed.
 

 Zimmerman, Williams, Turner and Matthias, JJ., concur.
 

 Weygandt, C. J., and Bell, J., dissent.