**CITY OF BOWLING GREEN, Appellee,**

v.

**LUDA, Appellant.**

[Cite as *Bowling Green v. Luda* (1992), 81 Ohio App.3d 799.]

Court of Appeals of Ohio,
Wood County.

No. 91WD104.

Decided July 17, 1992.

*Mark D. Tolles,* for appellee.

*William V. Stephenson,* for appellant.

---

HANDWORK, Judge.

On September 19, 1990, appellant, Bradley R. Luda, was convicted in the Bowling Green Municipal Court of underage consumption of alcohol. Appellant was fined $250 plus court costs and placed on probation for two years, conditional upon his not consuming or possessing alcohol. Although the record reflects that the trial court verbally indicated to appellant that if he violated this condition there would be an additional fine or jail time or both, this information was not entered in the court's journal. The judge did not impose and suspend any additional fine or jail time prior to imposing probation.

On September 9, 1991, appellant was convicted of driving under the influence. This offense was a violation of the probation condition not to consume or possess alcohol. The court imposed an additional fine of $150 for the probation violation. Appellant now appeals that judgment of the Bowling Green Municipal Court to challenge the imposition of the $150 fine. Appellant sets forth one assignment of error which reads:

"First Assignment of Error

"The trial court exceeded its authority by imposing a one hundred and fifty ($150.00) dollar fine for a probation violation where it had not suspended a fine in the original case."

The issue of whether it is necessary for a trial court to specifically suspend a sentence before placing a defendant on probation in order to later enforce an additional sentence after a probation violation appears to be one of first impression in Ohio.

Our research leads us to the conclusion that a trial court cannot impose a sentence following a probation violation if no suspended sentence was provided before the probation violation occurred.

The Supreme Court of Ohio has recognized that in some situations a trial court can impose more jail time following a probation violation than a defendant was originally sentenced to serve. *State v. McMullen* (1983), 6 Ohio St.3d 244, 6 OBR 312, 452 N.E.2d 1292, syllabus. However, the court has never recognized that authority for such action exists when no suspended sentence was provided in the original sentence. In fact, in a decision subsequent to *McMullen,* the Supreme Court of Ohio limited its previous ruling by holding that additional jail time could be imposed following a probation

violation only if the original sentence was suspended to impose probation. *State v. Draper* (1991), 60 Ohio St.3d 81, 573 N.E.2d 602, paragraph one of the syllabus.

The court distinguished between probation imposed in lieu of execution of sentence and probation granted after a term of incarceration has been served. *Id.* The court held that the trial court exceeded its authority when it imposed a greater jail sentence after the defendant had already served a portion of the original sentence. The court reasoned that the defendant "not only has an expectation of finality in the original sentence, but had already undertaken to serve it." *Id.* at 83, 573 N.E.2d at 604.

This reasoning is equally applicable in this case. Appellant was fined $250. He paid that fine and had an expectation of finality. That expectation was not altered by the verbal warning of the court regarding future imposition of additional fines since a court speaks only through its journal entry. *Hower Corp. v. Vance* (1945), 144 Ohio St. 443, 448, 30 O.O. 38, 40, 59 N.E.2d 377, 379.

Appellee argues that because the court in this case made verbal representations to appellant at the time of the original sentencing that a probation violation could result in an additional fine, this case is distinguishable. We disagree. First, a court speaks only through its journal. *Id.* at 448, 30 O.O. at 40, 59 N.E.2d at 379. The pronouncement, written or oral, of a judge is not an action of a court unless it is entered upon the journal. *Boyle v. Pub. Adjustment & Constr. Co.* (1950), 87 Ohio App. 264, 268, 42 O.O. 478, 480, 93 N.E.2d 795, 797. Therefore, since the judge's warning to appellant that he might impose an additional sentence was not journalized, it was not an action of the court. Second, a review of the pertinent Revised Code sections reveals a requirement that a suspended sentence exist before a sentence can be imposed following a probation violation. For instance, R.C. 2929.51(D)(1) provides:

"At the time of sentencing and after sentencing, when imprisonment for misdemeanor is imposed, the court may * * * suspend the sentence and place the offender on probation * * *."

Similarly, R.C. 2929.51(F)(1) provides:

"At the time of sentencing and after sentencing, when a fine is imposed, the court may * * * suspend all or any portion of the fine * * *." See, also, R.C. 2951.02.

Accordingly, we conclude that a trial court must sentence a defendant and specifically suspend the sentence or a portion of it, in order to later impose an additional penalty after a probation violation.

Appellant's sole assignment of error is well taken. The judgment of the Bowling Green Municipal Court imposing a $150 fine is reversed. Appellee is ordered to pay the costs of this appeal.

*Judgment reversed.*

GLASSER, P.J., and SHERCK, J., concur.