OPINION
On November 12, 1996, defendant-appellant, Alfred L. Coyle, was charged by information with two counts of rape involving victims under the age of thirteen in violation of R.C. 2907.02(A)(1)(b). On November 15, 1996, appellant entered a negotiated plea of guilty to both charges on condition that the offenses occurred after July 1, 1996. The trial court accepted appellant's pleas and continued the matter for a presentence investigation.
At a December 9, 1996 sentencing hearing, the trial court reviewed a written presentence report prepared by the Clermont County Probation Department. The court also heard comments from the victims' father, and noted that several aspects of the crimes indicated that appellant's conduct was "more serious" and that appellant's likelihood of recidivism was "very likely in this case." The court then imposed a sentence of ten years in prison on each count, the maximum terms permitted by law, to be served consecutively.
Four days later, on December 13, 1996, appellant filed a motion for resentencing arguing, among other things, that he had been denied access to a checklist used by the probation department in preparing the presentence investigative report and that the trial court failed to make necessary statutory findings for the imposition of maximum prison terms. At a subsequent hearing on December 18, 1996, the court denied appellant's request to review the checklist. The judge then recounted the various factors he discussed at the December 9 hearing — the seriousness and circumstances of the offense, the age of the victims, appellant's relationship with the victims — and concluded that "those things support the fact this is a worst form of the offense of rape which we're arguing about."
By entry dated January 22, 1997, the court sentenced appellant to consecutive terms of ten years in prison on each count. The matter is now before us on appellant's timely appeal with the following assignments of error presented for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM ALLOWABLE PRISON TERM FOR BOTH FELONY ONE RAPES.
Assignment of Error No. 2:
 THE TRIAL COURT DENIED THE APPELLANT HIS RIGHT TO DUE PROCESS WHEN IT FAILED TO ALLOW HM [SIC] AN OPPORTUNITY TO RESPOND TO INFORMATION WHICH WAS MADE A PART OF THE PRESENTENCE INVESTIGATION REPORT.
Ohio's felony sentencing procedures were substantially amended by the adoption of Am.Sub.S.B. No. 2 ("Senate Bill 2"), effective July 1, 1996. Under Senate Bill 2, the stated purpose of felony sentencing for crimes committed on or after July 1, 1996 is to punish the offender and protect the public from future crimes by the offender. See R.C. 2929.11(A). Pursuant to the changes implemented by Senate Bill 2, a mandatory prison term is required for a rape conviction involving a victim under the age of thirteen. R.C. 2929.13(F)(2). Rape is a first degree felony, punishable by a term of three, four, five, six, seven, eight, nine, or ten years in prison. R.C. 2907.02(B) and 2929.14(A)(1). The maximum term may only be imposed upon those offenders who either "* * * committed the worst forms of the offense [or] pose the greatest likelihood of committing future crimes * * *." (Emphasis added.) R.C. 2929.14(C). See, also, State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-11-106, unreported. The sentencing court is required to "make a finding that gives its reasons" for imposing the maximum available term. R.C.2929.19(B)(2)(d) and (e).
Appellant argues it was erroneous for the court to impose the ten year maximum term on each rape count absent a finding that appellant either committed the "worst" form of the offense or posed the "greatest" likelihood of recidivism.
The transcript from the December 9 hearing reveals that the trial court considered the seriousness and recidivism factors of R.C. 2929.12(B)-(E). These factors are to be considered by a sentencing court in exercising its discretion to determine the most effective way to comply with the sentencing principles and purposes of R.C. 2929.11 "[u]nless a mandatory prison term is required by division (F) of 2929.13 * * * of the Revised Code * * *." R.C. 2929.12(A). Because of the nature of appellant's offenses, a mandatory prison term was required. This eliminated the necessity to review the seriousness and recidivism factors of R.C. 2929.12, at least to the extent they must be considered by the court in determining how to comply with the principles and purposes of R.C. 2929.11.
We see no reason, however, why the court could not consider the factors of R.C. 2929.12 in determining whether, within the context of under R.C. 2929.14(C), the accused committed the worst form of the offense or poses the greatest likelihood of recidivism.[1] The trial court considered these factors during the December 9 hearing. At that time, however, the court did not explicitly find that appellant satisfied one of the necessary conditions of R.C. 2929.14(C) for imposing maximum terms. See State v. Boss (Sept. 15, 1997), Clermont App. No. CA97-11-107, unreported.
Pursuant to appellant's subsequent motion, the court conducted a second hearing on December 18 at which time it reviewed the various factors it had previously considered and stated that those factors supported a finding that appellant committed the "worst form of the offense of rape." This statement is sufficient to fulfill the trial court's obligation to make a finding under R.C. 2929.14(C) relative to the imposition of maximum terms. State v. Boss at 6.
We note that although the trial court made its requisite finding under R.C. 2929.14(C) after the December 9 sentencing hearing, the subsequent declaration that appellant had committed the worst form of the offense came before the court journalized its sentencing entry on January 22, 1997. A court speaks only through its journal entries, and a pronouncement of sentence does not become the official action of the court unless and until it is entered upon the court's journal. State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597; State v. Hankins (1993), 89 Ohio App.3d 567; and Bowling Green v. Luda (1992), 81 Ohio App.3d 799. Absent a journalized sentencing entry, the trial court had not officially sentenced appellant and, until such time as it journalized its entry imposing sentence, the court was free to make and place upon the record its findings and reasons for imposing maximum terms pursuant to R.C. 2929.14(C).
We accordingly conclude that there was a sufficient basis in the record upon which the trial court could conclude that appellant had committed the worst form of the offense and was subject to the imposition of the maximum prison term available under R.C. 2929.14(A)(1). The first assignment of error is not well-taken and is hereby overruled.
In his second assignment of error, appellant claims he was denied due process of law when the trial court withheld part of the presentence investigative report.
Appellant had a right to appeal his sentence since the maximum term of imprisonment was imposed. See R.C. 2953.08(A)(1). The record on appeal includes, among other things, "[a]ny presentence * * * report that was submitted to the court in writing before the sentence was imposed." R.C. 2953.08(F)(1). If a written presentence investigative report is prepared, the court, at a reasonable time before imposing sentence, shall permit the defendant or counsel to read the report. R.C. 2951.03(B)(1). Pursuant to this same section, the following information may not be disclosed to the defendant or his counsel:
(a) Any recommendation as to sentence;
 (b) Any diagnostic opinions that, if disclosed, the c ourt believes might seriously disrupt a program of rehabilitation for the defendant;
 (c) Any sources of information obtained upon a promise of confidentiality;
 (d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.
Prior to sentencing, the court shall permit the defendant and counsel to comment on the presentence report and to introduce any testimony or information relative to alleged factual inaccuracies contained in the report. R.C. 2951.03(B)(2).
As part of the presentence report, the investigator prepared a form entitled "Clermont County Common Pleas Court Sentencing Guidelines." This form included, among other things, a list of the seriousness and recidivism factors outlined in R.C.2929.12(B)-(E). In the case at bar, the investigator had checked those individual factors of R.C. 2929.12(B)-(E) which were applicable to appellant's case. The form also contained sections where the investigator checked whether the factors indicated that the subject's conduct was more or less serious and whether the subject was more or less likely to commit future crimes. Finally, the investigator had the option to recommend a particular sentence from the complete range of sentences available for each felony class.[2]
Appellant argues he should have access to the guidelines checklist. To a limited extent, we agree. As previously noted, any recommendation as to the type and length of sentence may not be disclosed. R.C. 2951.03(B)(1)(a). However, if the probation department, in making a sentence recommendation, relies upon and makes factual findings concerning the factors of R.C. 2929.12, that information should be made available to the accused unless it is determined that the information falls within the scope of R.C. 2951.03(B)(1). The defense should be permitted to review the factors to determine if they are factually accurate. This guarantees that if any of the factors do not apply or are factually incorrect, the defense will have an adequate opportunity under R.C. 2951.03(B)(2) to present evidence or information regarding their accuracy at the sentencing hearing. We see no reason why the checklist should not be disclosed to the defendant prior to sentencing, provided all information regarding recommendations and opinions on whether the crime is more or less serious, whether there is a greater likelihood of recidivism, and the actual recommended term of sentence to be imposed, is properly and completely redacted.
We therefore conclude that the trial court erred in failing to provide appellant with a properly redacted copy of the checklist compiled by the probation department investigator and included in the presentence investigative report. Accordingly, the second assignment of error is sustained. Appellant's sentence is reversed and the matter is hereby remanded for resentencing. The trial court is ordered to furnish appellant with a redacted checklist, hold a sentencing hearing and then resentence appellant.
Judgment reversed and remanded.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2929.14(C) provides scant guidance as to what the court is to consider in assessing whether an accused has committed the worst form of the offense or poses the greatest likelihood of recidivism. R.C. 2929.12 sets forth the factors for assessing the seriousness of the crime and recidivism and it is only logical to assume that a sentencing court would look to that statute for guidance when making a finding under R.C. 2929.14(C). While the court may consider the factors of R.C. 2929.12 in conducting its analysis under R.C. 2929.14(C), those factors must be reviewed in conjunction with the unique facts and circumstances surrounding each offense and should be one, but not the only, component in the court's determination of whether a particular offense warrants the imposition of a maximum prison term.
[2] The trial court commented that it had developed the checklist to ensure that probation department investigators considered those factors which the law required them to consider in making a sentence recommendation to the court.