In 1982, appellant, Larry Estis, was convicted of involuntary manslaughter and sentenced to six to twenty-five years in prison. He was paroled on January 15, 1997 under the supervision of the Adult Parole Authority.
After committing a parole violation, appellant was placed at a halfway house operated by the Volunteers of America ("VOA") in February 1998. He was advised, as part of the terms and conditions of his supervision, that he could be charged with the crime of escape if he absconded from the supervision of his parole officer.
On March 28, 1998, appellant left the VOA and did not return. On March 30, 1998, he was charged with a parole violation. On April 15, 1988, he was indicted on one count of escape, a violation of R.C. 2921.34(A) (1) and (C) (2) (a). Because of the high level of his involuntary manslaughter conviction, the escape charge was a felony of the second degree. Appellant was apprehended and arrested on July 8, 1998.
Appellant filed a motion to dismiss the indictment claiming that the escape charge was an impermissible ex post facto and retroactive application of law. According to appellant, because R.C. 2967.15(C) (2) had been amended effective March 17, 1998 to include parolees as persons who could be charged with escape, persons on parole prior to that date could not be charged with escape.
After the trial court denied the motion finding there was no ex post facto or retroactive application of law on October 13, 1998, appellant entered a no contest plea that same day to escape under R.C. 2921.34(A) (1) and (C) (2) (c) (i). The charge had been reduced to a fifth degree felony pursuant to a plea agreement. The trial court sentenced appellant to serve six months in prison.
In his first assignment of error, appellant reiterates the issue he presented to the trial court: his conviction for escape is a retroactive and ex post facto application of law. Next, appellant contends he was denied equal protection of the law because the severity of punishment for a parolee who is convicted of escape depends upon the level of the parolee's original conviction. Finally, appellant claims that his sentence for escape should run concurrently with any sentence imposed for his parole revocation for leaving the VOA because the trial court did not specify that the six-month sentence should be served consecutively.
In his first assignment of error, appellant claims that he was a parolee in a halfway house when R.C. 2967.15(C) (2) was amended on March 17, 1998 to clarify that parolees were persons who could be charged with escape from detention facilities. Appellant contends that to convict him of escape for his conduct on March 28, 1998, eleven days after the effective date of that amendment, is an impermissible ex post facto and retroactive application of law. He maintains he was punished more severely than what the law permitted when he was convicted of involuntary manslaughter in 1982.
On October 4, 1996, the legislature changed the definition of detention in R.C. 2921.03(E) to include parolees under the supervision of the Adult Parole Authority. Previously, the definition of detention expressly excluded parolees. R.C.2921.03(E) eff. 8-23-95.
Detention is one element of the crime of escape. R.C.2921.34(A) (1). As a result of the new definition of detention, the scope of the escape statute broadened to allow parolees to be convicted of escape from detention.
However, the statutes governing parole, specifically R.C. 2967.15(C) (2), prohibited prosecuting parolees for escape. Because of that conflict, this court determined that parolees who absconded from supervision could not be charged with escape under the October 4, 1996 version of the escape statutes. State v.Conyers (July 17, 1998), Lucas App. No. L-97-1327, unreported, discretionary appeal allowed, (1998), 84 Ohio St.3d 1437. R.C.2947.15(C) (2) was amended effective March 17, 1998 to eliminate that conflict and clarify that parolees could be convicted of escape from detention.
Convicting appellant of escape because he left a halfway house on March 28, 1998, eleven days after R.C. 2947.15(C) (2) was amended, was not a retroactive or ex post facto application of law. "[A] court entertaining an ex post facto claim must focus upon the law in effect at the time of the offense for which a person is being punished." Kellogg v. Shoemaker (C.A.6 1995),46 F.3d 503, 509, citing Rodriguez v. United States Parole Comm'n
(C.A.7 1979), 594 F.2d 170, 176; see Weaver v. Graham (1981),450 U.S. 24, 31. Appellant's escape conviction and sentence were based upon conduct on March 28, 1998 which was completely unrelated to the conduct which produced his prior conviction for involuntary manslaughter in 1982. See Statev. Seeman (Mar. 19, 1999), Lucas App. No. 98-1176, unreported (double jeopardy does not preclude a conviction for escape as well as a probation violation for the same act). To be convicted of escape, appellant had to affirmatively do another act, which was not necessary for his manslaughter conviction.
Appellant's escape was the commission of a fresh offense eleven days after the amendment to R.C. 2967.15(C) (2) became effective. See State v. Bishop (Oct. 9, 1998), Greene App. No. 98 CA 3, unreported. Imposing sentence for a new felony offense under the law in effect at the time of the new offense does not implicate the ex post facto clause of either the Ohio or United States Constitutions. Id.
Accordingly, appellant's first assignment of error is found not well-taken.
We decline to exercise our discretion to consider appellant's second assignment of error presenting an equal protection claim for the first time on appeal. See In re M.D.
(1988), 38 Ohio St.3d 149, 151-152. Pursuant to State v. Awan
(1986), 22 Ohio St.3d 120, syllabus, the "failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue * * * and therefore need not be heard for the first time on appeal."
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant contends that because the trial court did not specify that his six-month sentence should be served consecutively to any sentence imposed by the Adult Parole Authority for violating his parole, appellant should serve his six-month sentence for escape concurrently. Because a court can only speak through its journal, the trial court should have specified in its judgment entry that the six-month sentence was to be served consecutively with any sentence imposed because appellant's parole was revoked as a result of the events on March 28, 1998. See Hower Corp. v. Vance (1945),144 Ohio St. 443, 448.
However, that omission is harmless. R.C. 2929.14(E) (2) requires that a person convicted of escape from a residential detention facility must serve any prison term imposed "consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender." Consequently, as a matter of law, the trial court could not have sentenced appellant to a concurrent sentence, and its failure to include the word "consecutive" in its judgment entry of conviction and sentencing is harmless error.
Accordingly, appellant's third assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.