DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated, accelerated appeal from three judgments in the Lucas County Court of Common Pleas, in which appellee, Fifth Third Bank ("Fifth Third"), was awarded summary judgment in separate foreclosure actions. On appeal appellant, Yaser B. Mufleh, sets forth the following two assignments of error:
 {¶ 2} "1. The Lower Courts erred in granting Summary Judgment for the Plaintiff.
 {¶ 3} "2. The Lower Courts erred in including an award of `all costs of collection' in their Judgment Entries."
 {¶ 4} The following facts are relevant to the issues raised on appeal. On May 12, 2000, appellant, acting on behalf of Toledo Progressive Real Estate Ventures, Ltd. ("Toledo Progressive"), executed an open-end mortgage for up to $600,000 on several parcels of real estate, identified as 1806 and 1810 Madison Avenue, Toledo, Ohio, and 321 18th Street, Toledo, Ohio, (collectively referred to herein as the "Madison property"), in favor of Fifth Third. At the same time, appellant executed an assignment of rents and leases for the Madison property, which gave Fifth Third the right to collect rents from the tenants of the property in the event of a default under the terms of the mortgage.
 {¶ 5} On September 12, 2001, appellant executed a promissory note, in which he agreed to pay Fifth Third $566,448.82. Pursuant to the terms of the note, if appellant failed to make monthly payments of $7,060 to Fifth Third, the bank could accelerate the debt and declare any outstanding balance to be immediately due and payable. In addition to collecting any unpaid principal and interest, Fifth Third could assess a late payment fee and recoup its costs of collection, along with attorney fees incurred in collecting the balance owed on the loan.
 {¶ 6} Appellant also executed an unlimited payment guaranty, in which he personally guaranteed all of Toledo Progressive's financial obligations to Fifth Third. The guaranty contained a warrant of attorney to confess judgment against appellant if Toledo Progressive defaulted on its obligations, and stated appellant would compensate Fifth Third for its attorney fees.
 {¶ 7} Toledo Progressive stopped making timely payments to Fifth Third in July 2002. On September 9, 2002, Fifth Third obtained a judgment lien against appellant and Toledo Progressive in the amount of $544,166.50, plus an additional $304.45 in fees and "all court costs," along with 16 percent annual interest accruing from the date of the judgment. On September 11, 2002, Fifth Third filed a praecipe for a certificate of judgment lien. On September 26, 2002, Fifth Third served notices of the assignment of rents and leases on the Madison property and began receiving rent from those tenants.
 {¶ 8} On October 21, 2002, Fifth Third filed an action to foreclose on the mortgage and the promissory note. On March 4, 2003, the trial court granted Fifth Third's motion for summary judgment and ordered the sale of the Madison property. The judgment was not appealed. The property was appraised at $660,000, and a sale was scheduled to occur on October 29, 2003; however, appellant filed a bankruptcy petition on October 29, 2003, which stayed the sale. The bankruptcy petition was ultimately dismissed.
 {¶ 9} During the pendency of the bankruptcy stay, Fifth Third brought separate foreclosure actions against other properties owned by appellant at 3216 Lagrange Street (case No. CI-03-6313), 317 N. Superior Street (case No. CI-03-6314), and 3129 Lagrange Street (case No. CI-04-1712), (collectively, "Lagrange properties"). In each case, Fifth Third asked the trial court for: (1) judgment on the $544,166.50 balance due under the promissory note plus interest; (2) foreclosure of the mortgage and security agreement; (3) damages to compensate Fifth Third for collection of costs and attorney fees; and (4) a deficiency judgment if the debt was not satisfied by the sale of the property.
 {¶ 10} Fifth Third filed essentially identical motions for summary judgment in all three foreclosure actions, which appellant opposed. In all three cases, the trial court granted summary judgment to Fifth Third. Timely notices of appeal were filed, and the cases were consolidated for purposes of this appeal.[1]
 {¶ 11} In his first assignment of error, appellant asserts the trial court erred by granting summary judgment to Fifth Third. In support, appellant argues summary judgment cannot be awarded because an underlying dispute remains as to: (1) the outstanding amount of the debt owed to Fifth Third; and (2) whether the trial court should have allowed Fifth Third to foreclose on properties other than the Madison property without at least holding an evidentiary hearing.
 {¶ 12} We note at the outset an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Village of Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 13} Initially, the party seeking summary judgment bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Thereafter, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id., at 294.
 {¶ 14} As to appellant's first argument, the record shows Fifth Third attached the affidavits of David J. Malohn, assistant risk manager of its commercial loan division, to each of its three summary judgment motions. Malohn stated appellant had defaulted under the terms of the promissory note and the payment guaranty. The affidavits referenced additional portions of the record, including the amended foreclosure complaints, the promissory note, the unlimited payment guaranty, the September 9, 2002 judgment entry against appellant, and the September 11, 2002 judgment lien filed by the trial court. In the affidavits filed in case Nos. CI-03-0613 and CI-03-0614 Malohn concluded, after applying all principle payments made by appellant:
 {¶ 15} "There is now due and owning from Toledo Progressive Real Estate Ventures, Ltd. and Yaser B. Mufleh the principal amount of Four Hundred Forty-Three Thousand Seven Hundred Forty and 02/100 Dollars ($443,740.02), plus interest of Sixteen Thousand One Hundred Seventy-One and 86/100 ($16,171.86) through March 23, 2004 and interest thereafter at the default rate of 16% per annum and fees in the amount of Three Hundred Four and 45/100 Dollars ($304.45) and costs."[2]
 {¶ 16} In response, appellant argued in all three cases Fifth Third was misrepresenting the outstanding balance of the loan. Appellant stated "it is clear that the rental income which has been collected by or for [Fifth Third] has not been accounted for in the computation submitted with [Fifth Third's] Motion for summary Judgment and that [Fifth Third] has made or authorized disbursements from collections which [appellant has] not authorized." Appellant further stated, if the Madison property were to be sold for fair market value, it would "generate proceeds more than sufficient to discharge the underlying obligation." No supporting documentation was attached to appellant's affidavits.
 {¶ 17} It is well-settled that, once the party seeking summary judgment satisfies its evidentiary burden, the opposing party "must then present its own evidence to show a genuine issue of fact does remain as it may not rest upon the mere allegations or denial of its pleadings." TheLeader Mortgage Co. v. Haught, 9th Dist. No. 03CA008318, 2004-Ohio-1417, ¶ 9, citing Civ.R. 56(E). This court has held "`affidavits which merely set forth legal conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civ.R. 56(E).'" Szkatulskiv. Bank One, N.A., 158 Ohio App.3d 189, ¶ 10.
 {¶ 18} A review of the record shows appellant has not produced any contrary evidence in response to Fifth Third's motions for summary judgment, other than his statements disputing the amount of the outstanding debt. Accordingly, appellant has not met the requirements of Civ.R. 56(E), and his first argument is without merit.
 {¶ 19} As to appellant's second argument, the record shows Fifth Third had a valid judgment lien against appellant, and a valid certificate of judgment was filed in Lucas County in all three foreclosure actions. Nevertheless, appellant argues the trial court should have held a hearing to determine whether the value of the Madison property was in excess of the debt owed to Fifth Third, before allowing foreclosure on the other three properties.
 {¶ 20} R.C. 2329.02 states, in relevant part:
 {¶ 21} "Any judgment or decree rendered by any court * * * within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment * * *."
 {¶ 22} It is well-settled, "when a certificate of judgment is filed [pursuant to R.C. 2923.02] with the county's clerk of courts office, a lien is immediately created and becomes effective from the date of filing on all real estate owned by the judgment creditor in such county."Kessler v. Warner, 9th Dist. No. 01CA007762, 2001-Ohio-1417; Feinsteinv. Rogers (1981), 2 Ohio App.3d 96, 97. "The statutory lien * * * attaches without specifically identifying the lands to which it applies."Feinstein, supra, at 98.
 {¶ 23} On consideration of the foregoing, we find Fifth Third is entitled to foreclose on all properties in Lucas County owned by appellant, including the Madison and Lagrange properties. The issue of whether the value of any or all of those properties exceeds the amount of appellant's debt to Fifth Third is irrelevant. Appellant's second argument is without merit.
 {¶ 24} On further consideration, we find appellant has not demonstrated a genuine issue of fact exists as to either the amount of the debt owed to Fifth Third, or Fifth Third's right to foreclose on the Lagrange properties. Appellant's first assignment of error is not well-taken.
 {¶ 25} In his second assignment of error, appellant asserts the trial court erred by awarding Fifth Third "all costs of collection" in case Nos. CI-03-6313 and CI-03-6314.[3] In support, appellant argues he did not agree to pay "costs of collection" and/or attorney fees, there is no legal precedent for recovery of costs of collection in a foreclosure action, and the certificate of judgment contains no provision for recovery of such costs. Appellant does not challenge the award of court costs to Fifth Third.
 {¶ 26} Fifth Third responds appellant cannot object to the imposition of "costs" on appeal, because he did not object to the contents of its proposed judgment entries pursuant to Lucas County Common Pleas Loc.R. 5.05(D), which provides, in part:
 {¶ 27} "Within 7 days after the return of a verdict or after a decision of finding of the court which constitutes a judgment, * * * designated trial counsel for the prevailing party shall prepare and submit an appropriate judgment or order to opposing counsel who shall approve or reject within 7 days after receipt. * * *"
 {¶ 28} The record contains no evidence Fifth Third submitted a copy of its proposed judgment entry to appellant in compliance with Loc.R. 5.05(D). Accordingly, Fifth Third's response is without merit.
 {¶ 29} As to appellant's argument, the praecipe for a certificate of judgment, which was prepared by Fifth Third in case Nos. CI-03-6313 and CI-03-0614, listed "all court costs," in addition to the amount of the outstanding debt, applicable interest and certain enumerated fees. Fifth Third did not ask for the certificate to include a specific award of attorney fees or other costs of collection. However, the judgment entries filed in those cases contain findings that Fifth Third is entitled to recover "all costs of collection including [its] attorney's fees and court costs."
 {¶ 30} As set forth above, the promissory note to Fifth Third stated, in the event of a default, appellant would pay a late fee, costs of collection and attorney fees. Similarly, the guaranty executed by appellant stated he would pay Fifth Third's attorney fees incurred in collecting any unpaid debt. Such contract provisions are enforceable, provided they are in compliance with R.C. 1301.21,[4] and subject to the restriction that the fee collected must be "reasonable." Herald v. TheOhio Valley Bank (Dec. 17, 2001), 4th Dist. No. 00CA28, 2001-Ohio-2632.
 {¶ 31} In addition, imposition of court costs and attorney fees are not prohibited merely because they are not listed in the certificate of judgment. R.C. 2329.02 provides, in part, that the certificate of judgment shall "[set] forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof." (Emphasis added.).
 {¶ 32} Ohio courts have held the provisions of R.C. 2329.02 that apply to the amount of "costs" are directory, not mandatory, and serve only to notify the public of a lien against a debtor's property. National CityBank v. Mustric (1995), 108 Ohio App.3d 83, 85, citing Hower Corp.v. Vance (1945), 144 Ohio St. 443, 451. Accordingly, the total amount of such "costs" need not be stated in the certificate of judgment, since they may be obtained through review of the appropriate court records. Id. The statute does not define the term "costs."
 {¶ 33} This court has reviewed the entire record that was before the trial court and, upon consideration thereof, finds the trial court did not err by ordering appellant to pay Fifth Third's costs of collection, attorney fees and court costs in case Nos. CI-03-6313 and CI-03-6314. Appellant's second assignment of error is not well-taken.
 {¶ 34} On consideration whereof, this court finds no other genuine issue of fact remains and, after considering the evidence presented in the light most favorable to appellant, appellee Fifth Third is entitled to summary judgment as a matter of law.
 {¶ 35} The judgment of the trial court is affirmed. Pursuant to App.R. 24, costs of these proceedings are assessed to appellant, Yaser V. Mufleh.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Glasser, J., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] On July 24, 2004, appellate case nos. L-04-1157 (trial court No. CI-03-6313) and L-04-1188 (trial court No. CI-03-6314) were consolidated under appeal No. L-04-1188. Mufleh filed his amended appellate brief on August 16, 2004. On September 21, 2004, appellate case No. L-04-1262 (trial court No. CI-04-1712) was consolidated into appeal No. L-04-1188. The second consolidation order stated, in part: "Appellants shall have 15 days from the date the record is supplemented to file an amended brief, if needed. * * * If no amended briefs are filed, this consolidated appeal will be heard on the parties originally filed briefs." Mufleh did not file a second amended brief in response to our September 21 consolidation order.
[2] Similarly, Malohn's affidavit in case No. CI-04-1712 stated the outstanding balance due from Mufleh was $393,740.02, plus interest of $27,302.16 and fees of $304.45.
[3] The judgment entry in case No. CI-04-1712 does not contain an award of costs or attorney fees.
[4] R.C. 1301.21 allows for an award of attorney fees in a foreclosure action, provided the contract of indebtedness includes a commitment to pay attorneys' fees, and to the extent that the total amount owed on the contract of indebtedness at the time the contract was entered into exceeds $100,000, and the obligation is for a "reasonable" amount.