[Cite as *Sawmill Creek Condominium Owners' Assn., Inc. v. Black Hole Ltd.*, 2016-Ohio-8005.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Sawmill Creek Condominium
Owners' Association, Inc.

Court of Appeals No. E-16-021

Appellee

Trial Court No. 2015 CV 0158

v.

Black Hole, Ltd., et al.

**DECISION AND JUDGMENT**

Appellant

Decided: December 2, 2016

* * * * *

Wm. R. S. Steuk, for appelee.

D. Jeffery Rengel and Thomas R. Lucas, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Black Hole Ltd., appeals the January 21, 2016 and February 11, 2016 judgments of the Erie County Court of Common Pleas which, respectively, granted summary judgment in favor of plaintiff-appellee, Sawmill Creek Condominium Owners' Association, and entered a judgment entry of foreclosure based

upon nonpayment of assessments and liens secured by the subject property. Because we find that appellant failed to refute the evidence provided in appellee's motion for summary judgment, we affirm.

{¶ 2} This action commenced on March 18, 2015, with appellee filing a complaint in foreclosure against appellant, as owner of a condominium unit, and Donald and Glenn Eisenberg and William and Lou Goldstein as individuals who may have claimed an interest in the unit. On that date, appellee claimed that appellant owed $10,603.84 in unpaid assessments and fees. Ultimately, appellee was granted default judgment against the individual defendants and proceeded against appellant.

{¶ 3} On September 3, 2015, appellee filed a motion for summary judgment. In support, appellee relied on the unanswered requests for admissions, propounded upon appellant and deemed admitted, the Declaration of Condominium Ownership and Bylaws, the affidavit of association president Pam Solze, and copies of three unsatisfied liens dating back to January 2011.

{¶ 4} In opposition, appellant argued that the amount appellee claimed was owed was not supported by the evidence. Appellant admitted that it owed up to $4,459.70 in unpaid assessments and that it had not paid any assessments since October 2013. Appellant also admitted that appellee was entitled to foreclose upon the property. Appellant contended, however, that in calculating the monthly assessments and fees from October 2013, until the date appellee filed its motion for summary judgment the amount

2.

requested was "in far excess of the amount owed or admitted." In response, appellee clarified that the October 2013 date was simply the last date that any payments were made.

{¶ 5} On January 21, 2016, the trial court granted appellee's motion for summary judgment and found that it supported its claim for $17,478.25 with the affidavit of Pam Solze and judgment liens predating October 2013. The court further noted that appellant failed to provide evidence refuting the sum.

{¶ 6} Earlier, on December 21, 2015, defendants Donald and Glenn Eisenberg filed a motion to vacate the default judgment entered against them. Defendants argued that because they were not properly served notice of the action, the court lacked personal jurisdiction over them. Thereafter, the Eisenbergs filed a Civ.R. 60(B) motion to vacate the default judgment. While these motions were pending, appellant filed its notice of appeal. At the request of appellant, we remanded the matter for the court to rule on the motions. On April 28, 2016, the motions were denied and appellant filed an amended notice of appeal to include the judgment entry (though he does not raise any arguments related thereto in his appeal).

{¶ 7} Appellant now raises one assignment of error for our review:

The trial court erred in granting summary judgment to appellee.

{¶ 8} In its sole assignment of error, appellant argues that the trial court erroneously relied on and awarded the amount owed as set forth in the affidavit of Pam Solze. Appellant argues that the sum is considerably higher than the amount prayed for in the complaint and not supported by sufficient Civ.R. 56 evidence. Conversely,

3.

appellee argues that in opposing its summary judgment motion appellant failed to provide any evidence controverting its claim.

{¶ 9} The standard of review on motions for summary judgment is de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56, to prevail on a motion for summary judgment the moving party must demonstrate:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 10} Reviewing de novo the Civ.R. 56(C) materials filed in the trial court, we must conclude that the trial court did not err when it granted appellee's motion for summary judgment. The evidence presented by appellee, specifically the unsatisfied liens dating back to 2011 and the affidavit of Pam Solze established the amount owed. Appellant then had a reciprocal burden to present evidence under Civ.R. 56(E). The conclusory statements in appellant's brief were not sufficient to raise an issue of fact. *See Fifth Third Bank v. Mufleh*, 6th Dist. Lucas Nos. L-04-1188, L-04-1157, L-04-1262, 2005-Ohio-2351; *Natl. City Bank v. TAB Holdings, Ltd.*, 6th Dist. Erie No. E-10-060,

4.

2011-Ohio-3715.  Based on the foregoing, we find that because no genuine issue of fact remains for trial, appellant's assignment of error is not well-taken.

{¶ 11} On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE