[Cite as *Johnson v. Johnson*, 194 Ohio App.3d 664, 2011-Ohio-3001.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

JOHNSON,

     APPELLEE,

v.

JOHNSON,

     APPELLANT.

CASE NO. 1-10-72

**O P I N I O N**

---

**Appeal from Allen County Common Pleas Court
Domestic Relations Division
Trial Court No. DR 2006 0066**

**Judgment Vacated and Cause Remanded**

**Date of Decision: June 20, 2011**

---

**APPEARANCES:**

     **Jennifer Easterday, for appellee.**

     **William H. White, for appellant.**

SHAW, Judge.

{¶1} Appellant, Queen Johnson, now known as McFadden ("Queen"), appeals the September 24, 2010 judgment of the Allen County Court of Common

Pleas, Domestic Relations Division, finding her in contempt of its May 26, 2006 court order and sentencing her to serve 30 days in jail as a contempt sanction.

{¶2} This action arises out of the enforcement of a judgment entry of divorce. On May 26, 2006, Queen and appellee, Randolph Johnson ("Randolph"), ended their marriage in divorce. The trial court subsequently entered a judgment ordering the division of the parties' marital property, which included the disposition of a certain parcel of real property located in Lima, Ohio.

{¶3} On July 1, 2010, Randolph filed a motion for citation in contempt alleging that the May 26, 2006 judgment entry of divorce ordered Queen to pay him $10,000 for his interest in the premises located at 616 S. Atlantic Avenue and that she had failed to make the payment to him. Randolph's motion also stated that because Queen had not paid him the $10,000, the parties had reached a subsequent agreement that Randolph could live on the premises while the house was up for sale. Randolph alleged that once the premises sold, he was entitled to 50 percent of the sale price pursuant to the parties' ancillary agreement. Notwithstanding this agreement, Randolph moved for the trial court to find Queen in contempt for the nonpayment of the $10,000.

{¶4} On September 16, 2010, the trial court conducted a hearing on Randolph's motion for contempt. At issue between the parties was whether the

language in the judgment entry of divorce required Queen to pay Randolph $10,000 for his interest in the real estate by August 11, 2006. Randolph maintained that Queen was in contempt of the court's order because of her failure to make the payment. For her part, Queen argued that the language in the judgment entry of divorce created an option for her to purchase Randolph's interest in the premises by the stated date. Therefore, Queen maintained that declining to exercise the option to purchase the real estate was not a contemptible action.

{¶5} In order to resolve this issue, the trial court had the operative portion of the transcript from the parties' May 11, 2006 divorce proceeding transcribed to ascertain the parties' original intention with respect to the disposition of the real property in question. After reviewing the transcript, the trial court reached the following conclusion:

> It is this Court's determination that the agreement of these parties was unmistakable and [Queen] had the responsibility to pay $10,000.00 and upon the payment of $10,000.00 she was to receive a Quit Claim Deed regarding the property, which would place all of the property solely in her name and Randolph Johnson would forfeit any interest he had in the property by the completion of the Quit Claim Deed.

{¶6} Based on this conclusion, the trial court found Queen to be in contempt of its May 26, 2006 judgment entry of divorce and sentenced her to

-3-

serve 30 days in jail if she did not purge herself of the contempt by paying the $10,000 to Randolph by January 2, 2011.

{¶7} Queen filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

The trial court committed error in the interpretation of the judgment entry.

### ASSIGNMENT OF ERROR NO. II

The trial court failed to consider the parties entering into a subsequent agreement and the action of the apellee [sic].

{¶8} In her first assignment of error, Queen argues that the trial court erred in interpreting the disposition of the Atlantic Avenue property in the May 26, 2006 judgment entry of divorce as an order for her to pay Randolph $10,000 by August 11, 2006, for his interest in the premises. Queen maintains that the trial court's disposition simply granted her an option to purchase the real estate rather than a mandate to pay Randolph $10,000.

{¶9} Initially, we note that a trial court's finding of contempt is reviewed under an abuse-of-discretion standard. *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 417 N.E.2d 1249. An abuse of discretion is more than an error of judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary,

or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶10} The transcript from the parties' final divorce hearing on May 11, 2006, demonstrated that the parties had verbally agreed to the following disposition of the real property at issue:

> With regard to the parties' real estate located at 616 South Atlantic [Avenue] in Lima, Ohio, [Queen] shall pay [Randolph] * * * the amount of ten thousand dollars for his interest in the real estate, and that payment shall be made in full by August 11, 2006, and [Randolph] shall sign a Quit Claim Deed of his interest over to her once that amount is paid. As Mr. Johnson is still residing in that location, he has agreed that he will vacate the premises by July 11, 2006, or upon full payment, whichever comes later.

{¶11} Upon reviewing the transcript from the May 11, 2006 divorce proceedings, it is apparent that the trial court and the parties intended for this agreement regarding the disposition of the Atlantic Avenue property to be incorporated into the judgment entry of divorce. Unfortunately, rather than simply restating the agreement as explained at the hearing or using the typical phrasing to establish a mandatory order, the judgment entry of divorce stated the following:

> It is further ORDERED that the premises at 616 S. Atlantic Street, Lima, Ohio and being further described as follows—
>
> Situated in the City of Lima, County of Allen and State of Ohio:

Seventy-nine (79) feet and Two (2) inches off of the North end of Inlot Number Thirty-one Hundred Seventy (3170) in Martin's Addition to the City of Lima, Ohio.

Also known as: 616 Atlantic Ave., Lima 45804. Subject to easements and restrictions, if any of record or in use on said premises.

Parcel No.: 36-3612-08-015.000

be and the same hereby is the property of Defendant Queen Johnson a/k/a Queen Armstead upon her payment to Plaintiff of the sum of $10,000.00 with said payment to be made on or before August 11, 2006.

{¶12} Nevertheless, despite the apparent inconsistency between the agreement as stated on the record at the divorce proceeding and the agreement as written in the judgment entry of divorce, both parties and the trial court signed the order approving the contents of the judgment.

{¶13} The language contained in the judgment entry of divorce fails to adequately create a complete and enforceable disposition of the real property at issue. In reading the written disposition of the real property in isolation from the oral testimony from the hearing, we believe that the language does not clearly state that Queen is ordered to purchase Randolph's interest in the residence for $10,000 by the stated date. Furthermore, the language also fails to establish an option for Queen to purchase the property, because it does not specify who owns the real estate in the event that the option is not exercised. Therefore, we conclude that the

language contained in the judgment entry of divorce failed to create an enforceable disposition of the real property and, therefore, does not comply with Civ.R. 75(F), which requires a judgment of divorce to issue a complete division of the parties' property.[1]

{¶14} Moreover, with regard to the trial court's finding of contempt, which is the subject of this appeal, we note that a person guilty of disobedience or resistance to a lawful writ, process, order, rule, judgment, or command of a court or officer may be found in contempt by the issuing court and punished accordingly. See R.C. 2705.02(A). However, a court order must clearly establish the obligations of the party it seeks to govern so that the party is apprised of his or her duties under the order and the possibility that he or she may face consequences imposed by the court for noncompliance with the court order.

{¶15} In this instance, the language purportedly disposing of the real property is so vague that it does not adequately notify Queen that she is ordered by the trial court to pay Randolph $10,000 in order to be apprised that her failure to comply with this directive renders her subject to contempt sanctions. The ambiguity of this language is further evidenced by the fact that both parties and the

---

[1] We note that because the judgment entry of divorce fails to make an enforceable disposition of all the parties' martial property, it does not constitute a final order. However, the original order not being the order on appeal, this court must proceed to address the trial court's judgment of contempt, which is the subject of this appeal.

trial court could not clearly construe the disposition of the real property without reviewing the transcript from the parties' original divorce proceeding.

{¶16} Rather, it was only upon reviewing the record from the May 11, 2006 divorce hearing that the trial court was then able to ascertain the intention of the parties regarding the disposition of the real estate. However, it is well established that a trial court speaks only through its journal entries and not by oral pronouncement. *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903; *Glick v. Glick* (1999), 133 Ohio App.3d 821, 831, 729 N.E.2d 1244; *In re Adoption of Klonowski* (1993), 87 Ohio App.3d 352, 357, 622 N.E.2d 376. Therefore, an oral pronouncement is not recognized as an action of a court unless it is entered upon the journal. *Boyle v. Pub. Adjustment & Constr. Co.* (1950), 87 Ohio App. 264, 268, 93 N.E.2d 795. The general purpose of this rule is to have a document in the court's journal that clearly establishes the parties' rights and responsibilities to which the parties and the trial court can then refer in the future at any time rather than having to depend on the memories of the parties involved, which are undoubtedly less reliable.

{¶17} Furthermore, the language contained in the judgment entry of divorce created only a potential disposition of the real estate up through the stated

date, August 11, 2006. There is no provision in the judgment entry of divorce pertaining to the parties' ownership interests of the property after this date.

**{¶18}** Accordingly, because we find that the May 26, 2006 judgment entry of divorce did not adequately create an enforceable disposition of the real estate and also failed to clearly impose a duty on Queen to pay Randolph $10,000 for his interest in the property, we must conclude that the trial court abused its discretion in finding Queen in contempt of that court order.

**{¶19}** Queen's assignment of error is, therefore, sustained, and we vacate the trial court's finding of contempt for the reasons stated above and remand for further proceedings consistent with this opinion. Furthermore, given our determination on her first assignment of error, Queen's second assignment of error is hereby rendered moot and is accordingly overruled.

Judgment vacated

and cause remanded.

PRESTON and WILLAMOWSKI, JJ., concur.