[Cite as *Martinez v. Martinez*, 2014-Ohio-4141.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

RAY H. MARTINEZ, JR.,

    PLAINTIFF-APPELLEE,                 CASE NO. 13-14-07

    v.

TRACY L. MARTINEZ,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Domestic Relations Division
Trial Court No. 13-DR-0154

Appeal Dismissed

Date of Decision: September 22, 2014

APPEARANCES:

    *Gene P. Murray* for Appellant

    *James W. Fruth* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Tracy Martinez ("Tracy"), appeals the judgment of the Court of Common Pleas of Seneca County, Domestic Relations Division, overruling her objections to the magistrate's order that divided her military pension equally with Plaintiff-Appellee, Ray Martinez, Jr. ("Ray") as part of a divorce decree. On appeal, Tracy argues that the trial court failed to adequately explain the division. For the reasons that follow, we dismiss the appeal for lack of a final appealable order.

{¶2} On August 31, 1987, Tracy joined the United States Air Force. She married Ray on February 2, 1988, and retired from the Air Force on September 1, 2007. On July 16, 2013, Ray filed a complaint for divorce. At a November 26, 2013 hearing, the parties submitted a settlement agreement that resolved all issues regarding the divorce, except the division of Tracy's military pension, for which a separate decision was requested of the magistrate. Ray testified at the hearing, requesting half of the military pension. Tracy also testified, but did not dispute that Ray was entitled to half. That same day, the magistrate issued a decision, finding that the military pension was marital property and should be divided equally between the parties for the portion that was acquired during the marriage.

{¶3} Tracy filed three objections on December 9, 2013. The first objected to the "Magistrate's findings of fact and conclusions of law that [Ray] is entitled to a one-half portion of the military retirement benefits of the military pension of

[Tracy]." (Docket No. 24, p. 1). The second objection stated "Accordingly, Defendant objects to the findings of fact and conclusions of law, and recommendations pursuant to same, as contained in paragraphs 2, 3, and 4 of the Magistrate's decision." *Id.* The third objected to any award of survivorship benefits as part of a division of the military pension.

{¶4} In a February 3, 2014 entry, erroneously captioned "Judgment Entry" ("ruling on objections") the trial court overruled Tracy's first objection, finding that "the military pension accrued from the date of the marriage of the parties through the date of the final hearing on their divorce was marital property, and [Ray] was entitled to half of that property. This finding and decision was in accordance with Ohio law." (Docket No. 30, p. 2). The trial court did not specifically address Tracy's second objection. The court went on to sustain what it considered Tracy's second objection, but which had been filed as her third, regarding the survivorship benefits, finding that "the Magistrate erred in finding that [Ray] was entitled to a survivor benefit with regard to [Tracy's] military pension." (*Id.* at p. 2-3). The entry went on to list a series of orders, including the preparation of a Qualified Domestic Relations Order ("QDRO") which "should provide a half-interest in the pension to Ray H. Martinez, Jr. based upon the dates above." (*Id.* at p. 3). However, none of these orders specified that the QDRO should not include survivorship benefits for Ray.

**{¶5}** Another entry, captioned "Judgment Entry – Decree of Divorce" ("divorce decree"), was also filed on February 3, 2014. This entry found that grounds for divorce were established and accepted the proposed settlement agreement that divided the property that was offered by the parties. However, the orders regarding the division of the military pension were neither repeated nor referenced.

**{¶6}** Tracy timely appealed, presenting the following assignment of error for our review.

*Assignment of Error*

**THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING THE DEFENDANT-APPELLANT'S OBJECTION TO THE PLAINTIFF-APPELLEE BEING ENTITLED TO ONE-HALF OF THE MILITARY PENSION OF THE DEFENDANT-APPELLANT, WHEN THE PLAINTIFF-APELLEE, WITH THE BURDEN OF PROOF, DID NOT SHOW OR OTHERWISE OFFER SUBSTANTIVE PROOF THAT THE PLAINTIFF-APPELLEE WAS ENTITLTED TO THE MAXIMUM AMOUNT OF ONE-HALF OF THE DEFENDANT-APPELLANT'S MILITARY PENSION.**

**{¶7}** Before we can reach the merits of Tracy's assignment of error, we must preliminarily determine whether we have subject matter jurisdiction to address the issues raised on appeal. The Ohio Court of Appeals is only vested with subject matter jurisdiction over final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2). "If a judgment appealed from is not a final order, an appellate court has no jurisdiction to consider it and the appeal must

be dismissed." *State v. O'Black*, 3d Dist. Allen No. 1-09-46, 2010-Ohio-192, ¶ 4. Moreover, this court is "bound to raise any jurisdictional questions not raised by the parties." *Levinsky v. Boardman Twp. Civ. Serv. Comm.*, 7th Dist. Mahoning No. 04 MA 36, 2004-Ohio-5931, ¶ 26.

{¶8} A judgment entry in a divorce is only a final appealable order where it divides all of the property between the parties. Civ.R. 75(F); *see also Johnson v. Johnson*, 194 Ohio App.3d 664, 2011-Ohio-3001, ¶ 13 (3d Dist.). "Civil Rule 75(F) provides, in relevant part, that a trial court shall not enter final judgment as to a claim for divorce unless: (1) the judgment also divides the property of the parties * * *; or (2) the judgment incorporates the court's previous *orders* regarding property division * * *." (Emphasis added). *Garvin v. Garvin*, 4th Dist. Jackson No. 02CA23, 2004-Ohio-3626, ¶ 9.

{¶9} The divorce decree, filed February 3, 2014, accepts the settlement agreement proposed by the parties, but fails to effectuate or reference the orders announced in the ruling on objections. Indeed, there is no mention whatsoever of the military pension at all. Without either effectuating the orders or at least referencing the ruling on objections, the divorce decree fails to divide all of the property of the parties, rendering it less than a final order under Civ.R. 75(F).

{¶10} Further, even if the divorce decree did reference the ruling on objections, it would not change the result. "If objections to the magistrate's decision are timely filed, the trial court is required to rule on those objections."

*Erwin v. Erwin*, 3d Dist. Union No. 14-05-45, 2006-Ohio-2661, ¶ 31; Civ.R. 53(D)(4)(d). Further, "[i]t is well-established that an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections." *Ludwick v. Ludwick*, 12th Dist. Fayette No. CA2002-08-017, 2003-Ohio-2925, ¶ 5. Here, the ruling on objections fails to specifically rule on the second objection to the Magistrate's Decision.

{¶11} Even were we to find that the entry sufficiently addressed the second objection, the entry contains no order regarding the remedy that resulted from the trial court's sustaining of the third objection. The divorce decree cannot reference a prior order to become final, as required by Civ.R. 75(F), where no such order exists. As a result, even a reference to the ruling on objections would not have rendered the divorce decree a final order. Consequently, we lack jurisdiction.

{¶12} Accordingly, for the aforementioned reasons, this appeal is dismissed for lack of jurisdiction.

***Appeal Dismissed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**