[Cite as *Bott Moore v. Moore*, 2024-Ohio-5692.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| April Bott Moore, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-734 |
| v. | : | (C.P.C. No. 16DR-00209) |
| Robert Dean Moore, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 5, 2024

**On brief:** *April Bott Moore*, pro se. **Argued:** *April Bott Moore*.

**On brief:** *Eugene R. Butler*; *Baker Hostetler LLP, James Loeb*, and *Suzanne Jambe*, for appellee. **Argued:** *Eugene R. Butler*.

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

BOGGS, J.

{¶ 1} Plaintiff-appellant, April Bott Moore, appeals five judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, which are dated June 7, June 12, June 21, August 21, and November 21, 2023. For the following reasons, we dismiss this appeal for lack of a final appealable order.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} This appeal centers around a brief marriage followed by a protracted divorce proceeding between April, an environmental lawyer who ran her own firm, and Robert, a highly compensated energy company executive. We have previously recounted the origins of this case as follows:

> April Bott Moore and Robert Dean Moore (given the shared surname, we will call them April and Robert) were married on

> May 4, 2013. The next year, April gave birth to their daughter. Some two years after that (and well shy of three years after the marriage began), on January 20, 2016, April sued for divorce, and the matter thereafter proceeded on Robert's counterclaim. The trial court granted April and Robert their long-sought divorce in its May 4, 2021 Judgment Entry—Decree of Divorce. April appealed from that judgment entry (a judgment entry she now contends is not a final appealable order), and Robert promptly cross-appealed.

*Moore v. Moore*, 10th Dist. No. 21AP-276, 2022-Ohio-1862, ¶ 1.

{¶ 3} On appeal, this court considered April's 18 assignments of error and Robert's 3 assignments of error. Ultimately this court sustained several assignments of error which concerned: (1) the allocation of the Flight Options marital debt; (2) the value and allocation of the proceeds of the sale of a New Albany home, (3) reimbursement concerning federal tax debt, (4) reimbursement of two checks from purported marital funds; (5) the calculation and effective date of Robert's child support obligation; and (6) the award amount to April of the Olde Doubloon property. This court remanded those issues to the trial court, which in turn issued a series of judgment entries.

{¶ 4} On June 7, 2023, the trial court issued a judgment entry disposing of several motions made by the parties. This included granting Robert's motion to change the custodian of funds held for the parties' child, denying April's motion to set aside a magistrate's decision, denying April's motion to compel discovery, denying Robert's objection to a magistrate's decision regarding the shared parenting plan and the use of a parenting coordinator, denying Robert's motion for partial summary judgment, denying April's motion for attorneys' fees, as well as referring the parties' motions for contempt to a magistrate.

{¶ 5} On June 12, 2023, the trial court issued another judgment entry. The trial court determined that Flight Options marital debt, which was previously allocated all to April should be allocated to the parties equally with Robert being entitled to reimbursement in the amount of $217,847.61. The trial court also ordered the distribution of proceeds related to the sale of the couple's New Albany property. The trial court ordered April to reimburse Robert the sum of $18,355.18 to resolve April's separate tax debt from 2013. The trial court also found that two checks from September 2015 written by April for $20,459.99 from a marital account were not used to pay marital expenses and therefore ordered April

to reimburse Robert half that amount. The trial court also established Robert's child support obligation to be $102,000 per year, payable in monthly installments of $8,500. The trial court retained jurisdiction to resolve Robert's overpayment of child support following recalculation by the Franklin County Child Support Enforcement Agency. Finally, the trial court ordered Robert to pay April the sum of $863,448 for her half of the equity of the Olde Doubloon property in Vero Beach.

{¶ 6} On June 21, 2023, the trial court issued an entry modifying its May 4, 2021 restraining order regarding two restrained accounts at Chase Bank to place the accounts and funds with a successor custodian.

{¶ 7} On July 6, 2023, April appealed the trial court's June 7, June 12, and June 21, 2023 orders to this court. *See, Moore v. Moore*, 10th Dist. No. 23AP-399 (Aug. 24, 2023.) On July 13, 2023, Robert filed his notice of cross-appeal. On July 14, 2023, Robert moved to dismiss April's appeal as well as his own cross-appeal.

{¶ 8} On August 21, 2023, despite the pendency of the parties' appeals, the trial court issued a judgment entry on Robert's motion for lump sum judgment and therein determined that Robert had overpaid April for various aspects of the property division award and that April owes Robert the sum of $261,342. On August 23, 2023, April appealed the August 21, 2023 judgment entry.

{¶ 9} On August 28, 2023 this court dismissed April's appeal and Robert's cross-appeal finding that the various judgment entries were not final appealable orders. On October 10, 2023 this court similarly dismissed April's appeal of the trial court's August 21, 2023 judgment entry regarding Robert's motion for lump sum judgment for lack of a final appealable order.

{¶ 10} On November 21, 2023, the trial court issued a judgment entry that found Robert had a child support overpayment of $303,470.81 and ordered a reduction of child support by $3,000 a month to reimburse Robert.

{¶ 11} On December 11, 2023, April appealed the trial court's June 7, June 12, June 21, August 21, and November 21, 2023 orders to this court.

## II. ASSIGNMENTS OF ERROR

{¶ 12} April argues the following twelve assignments of error:

1. Per Civil Rule 75(F), the Trial Court's Final Entry, dated November 21, 2023, Extinguishes the Prior Four Non-Final Judgements (June 7, June 12, June 21, Aug. 21 and November 21, 2023 Entries).

2. The Trial Court Erred by Proceeding With a Hearing and Issuing Another Entry While the Parties Had Appeals Pending with this Court. (August 21, 2023 Entry).

3. The Trial Court Erred and Abused its Discretion In Its Child Support Award by Failing to Adhere to the Proper Statutory Standard and Prohibiting the Discovery and Presentation of Any Evidence of the Current Needs and Standards of Living of the Parties and LCM. (June 7, June 12, August 21 and November 21, 2023 Entries).

4. The Trial Court Erred by Failing To Calculate the Parties' Accurate Gross Income Per R.C. 3119.05 First Before Jumping to Its R.C. 3119.04 Summary. (June 12, August 21, and November 21, 2023 Entries).

5. The Trial Court Erred by Failing to Complete a Required Child Support Worksheet (June 12, 2023 Entry).

6. The Trial Court Erred by Setting Child Support Without Considering All of Requirements of R.C. 3119.04 (June 12, 2023 Entry and November 21, 2023 Entry).

7. The Trial Court Erred by Retroactively Applying Its Child Support Decrease Backward in Time Three Years and Granting Robert Repayment of the More than $300,000 in CSEA Child Support and $153,000 in Other Support. (June 12, August 21 and November 21, 2023 Entries).

8. The Trial Court Erred by Failing to Follow the Property Division Requirements of R.C. 3105.171 (June 12, August 21, 2023 and November 21, 2023 Entries).

9. The Trial Court Erred by Failing to Award Ownership of the New Albany Home and Failing to Establish a *de facto* Date Marital Value. (June 12, 2023 Entry).

10. The Trial Court Erred by Modifying Property Division Awards Set Out in the 2021 Decree (August 21, 2023 Entry).

11. The Trial Court Erred by Failing to Identify All of the Property, Fully Evaluate it and Award the Entirety of the Property Equally or Equitably After Considering All of the R.C.

3105.171(F) Factors and Documenting its Analysis as Required by R.C. 3105.171(B)(C), (F) and (G). (June 12, August 21 and November 21, 2023 Entries).

12. Trial Court Erred by Awarding an Inequitable Property Division Without Justification (June 12, August 21, and November 21, 2023 Entries).

## III. LEGAL ANALYSIS

{¶ 13} We now turn to April's first assignment of error wherein she argues that the trial court failed to incorporate its separate judgments dated June 7, June 12, June 21, and August 21, 2023 into its November 21, 2023 judgment. April argues that error now renders the trial court's previous judgments "extinguished." Because April correctly notes that the trial court did not incorporate its earlier entries into its November 21, 2023 judgment, we must first consider whether the trial court has rendered a final appealable order over which this court has jurisdiction.

{¶ 14} Ohio's courts of appeal have jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Ohio Constitution, Article IV, Section 3(B)(2). If a trial court's order is not final and appealable, a reviewing court has no jurisdiction to review the matter and the appeal must be dismissed. Generally, an order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. *Ohio ex rel. DeWine v. Precourt Sports Ventures LLC*, 10th Dist. No. 18AP-342, 2018-Ohio-2414, ¶ 11. Civ.R. 54(B), which pertains to a judgment upon multiple claims or involving multiple parties, allows a trial court to make an order appealable even if the order does not determine all the claims of all the parties. Civ.R. 54(B) however takes on additional requirements in divorce cases: Civ.R. 75(F) precludes a trial court from entering a final judgment as to a claim for divorce unless one of the three stated conditions in Civ.R. 75(F)(1) through (3) applies.

{¶ 15} As relevant here, Civ.R. 75(F)(2) states that the trial court shall not enter final judgment as to a claim for divorce unless:

Issues of property division, spousal support, and allocation of parental rights and responsibilities or shared parenting have been finally determined in orders, previously entered by the court, that are incorporated into the judgment.

{¶ 16} This court has previously held that "[a]lthough a domestic court is permitted to issue separate decisions upon various issues, *these determinations must all be incorporated into one final judgment*." (Emphasis added.)  *Drummond v. Drummond*, 10th Dist. No. 02AP-700, 2003-Ohio-587, ¶ 15, citing Civ.R. 75(F)(2).  In other words, a "judgment entry in a divorce is only a final appealable order where it divides all of the property between the parties."  *Martinez v. Martinez*, 3d Dist. No. 13-14-07, 2014-Ohio-4141, ¶ 8.  *See also Johnson v. Johnson*, 194 Ohio App.3d 664, 2011-Ohio-3001, ¶ 13 (3d Dist.) (Civ.R. 75(F) requires a judgment of divorce to issue a complete division of the parties' property.).

{¶ 17} Here, the trial court issued a series of separate entries on remand but did not incorporate those entries into one final judgment in accordance with Civ.R. 75(F)(2).  While the November 21, 2023 order states it is a "FINAL APPEALABLE ORDER," we do not agree. The November 21, 2023 order neither references nor incorporates either the remainder of the separate entries issued on remand or the original divorce decree.  Robert argues that the separate orders from June through November were interlocutory and would therefore automatically merge into a final order. This interpretation however ignores the plain language of Civ.R. 75(F), which requires that the previous orders must be incorporated into the judgment. Civ.R. 75(F)(2)'s language is clear that the prior orders must be incorporated, so we therefore dismiss this appeal for lack of a final appealable order.

*Appeal dismissed.*

EDELSTEIN and LELAND, JJ., concur.