[Cite as *Moore v. Bott Moore*, 2025-Ohio-1797.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert D. Moore, on behalf of his minor child L.C.M., | : | |
| | : | |
| Plaintiff-Appellant, | | No. 24AP-643 |
| v. | : | (Prob. No. 579455A) |
| April Bott Moore, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on May 20, 2025

---

**On brief:** *Eugene R. Butler Co, LPA* and *Euguene R. Butler*; *Baker Hostetler LLP*, and *James A. Loeb*, for appellant. **Argued:** *Eugene R. Butler*.

**On brief:** *Zeiger, Tigges & Little LLP, Marion H. Little, Jr.,* and *Matthew S. Zeiger*, for appellee. **Argued:** *Matthew S. Zeiger*.

---

APPEAL from the Franklin County Court of Common Pleas, Probate Division

BEATTY BLUNT, J.

{¶ 1} This is an interlocutory appeal. Plaintiff-appellant, Robert D. Moore appeals from the Franklin County Court of Common Pleas, Probate Division's denial of his motion for partial summary judgment as to his own claims against defendant-appellee, April Bott Moore, and for summary judgment as to April's counterclaims.

{¶ 2} April and Robert are parties to a divorce case that has been before this court on prior occasions. *See Moore v. Moore*, 2022-Ohio-1862 (10th Dist.) ("*Moore I*"), and *Moore v. Moore*, 2024-Ohio-5692 (10th Dist.) ("*Moore II*"). This separate probate proceeding relates to an Ohio Transfers to Minors Act ("OTMA") bank account for the benefit of the parties' minor child L.C.M. Robert asserts that April improperly withdrew $1

million from that account, and in 2016 he filed this suit in the probate court for accounting, breach of fiduciary duty, and conversion.

{¶ 3} The probate case was stayed for several years while the divorce was being litigated, but in 2022 Robert filed a motion for partial summary judgment as to liability on his claims and for summary judgment on the counterclaims that had been filed by April. On July 24, 2024, the magistrate denied Robert's motion for summary judgment, and on September 12, 2024 the probate court overruled Robert's objections and adopted the magistrate's decision. He now appeals, arguing that the probate court erred by failing to grant his motion for partial summary judgment based on collateral estoppel and by denying his motion for summary judgment on April's counterclaims. But on December 2, 2024, April filed a motion to dismiss for lack of a final order, and this court deferred decision on her motion until after the presentation of oral argument.

{¶ 4} Accordingly, prior to addressing the merits of Robert's appeal, we must find that we have jurisdiction to hear this case. "Section 3(B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders of lower courts. . . . [And the court] must dismiss an appeal taken from an order that is not final and appealable." *Simek v. Orthopedic & Neurological Consultants, Inc.*, 2019-Ohio-3901, ¶ 42 (10th Dist.), citing *Farmers Mkt. Drive-In Shopping Ctrs., Inc. v. Magana*, 2007-Ohio-2653, ¶ 10 (10th Dist.). *See generally Walburn v. Dunlap*, 2009-Ohio-1221, ¶ 13 ("It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction."). R.C. 2505.02(B) provides:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

Denials of motions for summary judgment do not easily fit within any of these statutory categories and in general are not appealable. *Compare* R.C. 2505.02(B) with *Hubbell v. Xenia*, 2007-Ohio-4839, ¶ 9 and *Mill Creek Metro. Park Dist. Bd. of Commrs. v. Less*, 2023-Ohio-2332, ¶ 11 (both citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 24 (1966)). *See also Royal Paper Stock Co. v. Robinson*, 2013-Ohio-1206, ¶ 24 (10th Dist.) (citing cases and holding that a "denied summary judgment motion, even if made in a special proceeding, does not affect a substantial right under R.C. 2505.02 because an 'order,' within the statutory meaning of that word, has not been made, and, instead, the court has retained the case for trial on the merits").

{¶ 5}   There are some exceptions—for example, an appellate court may review "an [interlocutory] order [that] adjudicates fewer than all claims in a case [and meets] the requirements of both R.C. 2505.02(B) and Civ.R. 54(B)." *Simek*, 2019-Ohio-3901, at ¶ 46.

And R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." *Id.*, quoted in *Hubbell* at ¶ 9.  But where a pure question of law is presented in a denied motion for summary judgment and there is a subsequent trial on the merits, courts of appeals will address the question in an appeal following the trial judgment rather than in an interlocutory appeal. *See, e.g.*, *Gilson v. Am. Inst. of Alternative Med.*, 2016-Ohio-1324, ¶ 47 (10th Dist.).  Accordingly, even if a court denying summary judgment has erred as a matter of law by denying the motion, that error is not generally corrected until after a trial.  And this is sensible, since every denial of summary judgment is a ruling of law, even the conclusion that there is a dispute of material fact precluding summary judgment.

{¶ 6}  Robert argues that the probate court's order here fits within R.C. 2505.02(B)(4), arguing that the order in this case is appealable because it denied a provisional remedy.  Specifically, "the court's order refused to apply the doctrine of collateral estoppel, thereby depriving [Robert] of the right *not* to have to re-try matters previously determined by a final order of another court." (Emphasis in original.) (Dec. 12, 2024 Plf.'s Memo. Contra to Def.'s Mot. to Dismiss at 7-8.)  But Robert has not identified a single Ohio case for the proposition that the denial of a motion for summary judgment based on collateral estoppel is a final order, and we are not aware of any such holding.  The Supreme Court of Ohio holds that to qualify under R.C. 2505.04(B)(4), "three requirements must be satisfied: (1) the order must grant or deny a provisional remedy as that term is defined in the statute, (2) the order must in effect determine the action with respect to the provisional remedy, and (3) the appealing party would not be afforded a meaningful review of the decision if that party had to wait for final judgment as to all proceedings in the action." *State v. Anderson*, 2014-Ohio-542, ¶ 42.

{¶ 7}  As to the first prong of the Anderson test, R.C. 2505.02(A)(3) defines a " 'provisional remedy' " for purposes of defining "final order" as

> a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section

2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

*See Anderson*, 2014-Ohio-542, at ¶ 47 (observing that an ancillary proceeding is . . . "[a]n action, either at law or in equity, that grows out of and is auxiliary to another suit and *is filed to aid the primary suit, to enforce a prior judgment*, or to impeach a prior decree"). (Citation omitted and emphasis added.)

{¶ 8} We conclude that the denial of a motion for summary judgment based on collateral estoppel does not fit within any of the categories described in R.C. 2505.02(A)(3)—the probate case appealed from is not "ancillary" to the divorce, but rather it is a wholly separate and unrelated legal proceeding. It is not filed within the divorce action, it is not attached to the divorce action, it was not filed to "aid" the divorce action except by Robert as a strategic matter, and most importantly and despite Robert's argument to the contrary it was not filed to "enforce" the divorce judgment, as it was filed several years before that judgment was entered. Whatever the probate court holds here, the divorce and property division between Robert and April is already final. The probate court's judgment will have no effect on the domestic relations action as such, and therefore does not "aid the primary suit, to enforce a prior judgment, or to impeach a prior decree."

{¶ 9} But even if we were to hold that the probate action is an "ancillary proceeding" and determines a "provisional remedy," this appeal still fails on the third prong of the *Anderson* test. Robert argues that without an immediate appeal, he would effectively forfeit "his right not to re-litigate these issues . . . ." (Memo Contra at 15.) But unlike the right to be free of being placed twice in criminal jeopardy, there is no "right" at stake in this case. This suit is not about his right to avoid litigation, it's about damages. Either Robert or the minor child L.C.M. can obtain meaningful review of the question of whether collateral estoppel applies to determine the ownership of the funds from the OTMA account at trial in probate court.

{¶ 10} Finally, we observe that in general, where a pure question of law is presented in a denied motion for summary judgment and there is a subsequent trial on the merits, courts of appeals will address the question in an appeal following the trial judgment rather than in an interlocutory appeal. *See, e.g., Gilson*, 2016-Ohio-1324, at ¶ 47. The question of whether the alleged error of law is harmless is separate and distinct from whether that

alleged error of law is reviewable in an interlocutory appeal, and here Robert has conflated the two issues in his attempt to create jurisdiction over this appeal.

{¶ 11} For all the foregoing reasons, we conclude that the Franklin County Court of Common Pleas, Probate Division's decision denying Robert's motion for partial summary judgment as to his own claims and for summary judgment as to April's counterclaims is not a final order. Accordingly, we sustain April's motion and dismiss this appeal for lack of appellate jurisdiction.

*Motion granted*;
*appeal dismissed*.

EDELSTEIN and DINGUS, JJ., concur.

————————